# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TOMAS NOEL GUEVARA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. CIV-10-27-W |
| ) | |
| DAVID MILLER, Warden, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254, seeking habeas relief from a state court conviction. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). In accordance with Rule 4, Rules Governing Section 2254 Cases, the petition has been promptly examined. For the following reasons, the undersigned finds that Petitioner has failed to exhausted his state court remedies as to all claims raised in the petition, and it is therefore recommended that the petition be dismissed upon filing.

Petitioner is challenging his conviction, after a jury trial, of trafficking in illegal drugs (cocaine) for which he was sentenced to twenty years imprisonment and a fine of $250,000.00. District Court of Oklahoma County, Case No. CF-2006-2254. *See* Petition, p. 2.[1] Petitioner states that he filed a direct appeal raising the two issues presented in Grounds One and Two of the instant petition: insufficient evidence of the "knowing"

---

[1]The form petition begins on page two.

element of trafficking and an erroneous jury instruction concerning "reasonable doubt." *Id.*, p. 3. The Oklahoma Court of Criminal Appeals ("OCCA") affirmed Petitioner's conviction and sentence on March 12, 2008, and the United States Supreme Court denied certiorari on October 14, 2008. *Id.*, pp. 3-4. On October 13, 2009, Petitioner filed an application for post-conviction relief in the district court, raising twelve grounds for relief, which are raised as Grounds Three through Fourteen herein.[2] According to Petitioner, at the time he signed his

---

[2]Petitioner has set forth his grounds for relief in pages inserted after page six of the petition. Petitioner states that the following twelve grounds are being exhausted in the state courts in the post-conviction proceeding:

> Ground 3: Petitioner was deprived of a fair trial and due process of law through trial court abuse of discretion.
> Ground 4: Petitioner was deprived of a fair trial and due process of law through evidence improperly admitted at trial.
> Ground 5: Petitioner was deprived of a fair trial and due process of law through failure to comply with discovery order.
> Ground 6: Petitioner was deprived of a fair trial and due process of law through improper certification of expert witness.
> Ground 7: Petitioner was deprived of a fair trial and due proces of law through prosecutorial misconduct.
> Ground 8: Petitioner's conviction and sentence are in violation of federal statues or treaties, *i.e.*, Vienna Convention Art. 36 et seq.
> Ground 9: Petitioner was deprived of a fair trial and due process of law where Petitioner is actually innocent.
> Ground 10: [Petitioner] is in possession of newly discovered evidence of material facts, not presented at trial, that requires vacation of conviction and sentence in the interest of justice.
> Ground 11: Petitioner was deprived of a fair trial and due process of law through practice of bringing 200 kilos of cocaine into courtroom by multiple armed guards in the presence of the jury at the start] of each day of trial.
> Ground 12: Petitioner was deprived of [the] right to be free from unreasonable search and seizure, and to have evidence obtained in violation fo the 4th Amend. excluded at trial.
> Ground 13: Petitioner was deprived of the effective assistance of counsel at trial.
> Ground 14: Petitioner was deprived of effective assistance of counsel on direct

(continued...)

federal habeas petition, December 24, 2009,[3] the state district court had not yet issued a decision on his post-conviction application, and the matter was still pending. *Id.*, p. 4. The undersigned takes judicial notice of the district court docket which shows the State filed a response to Petitioner's application for post-conviction relief on December 9, 2009, and on February 26, 2010, the district court entered an order denying post-conviction relief. *See* Oklahoma State Courts Network ("OSCN"), http://www.oscn.net, *State v. Guevara*, Case No. CF-2006-2254, District Court of Oklahoma County (accessed March 16, 2010). On March 4, 2010, Petitioner filed a notice of intent to appeal the district court's decision. *Id.*

## DISCUSSION

A state prisoner must exhaust state court remedies prior to commencing a federal habeas action. 28 U.S.C. § 2254(b)(1). State court remedies are exhausted if "a state appellate court has had the opportunity to rule on the same claim presented in federal court" or if, at the time the habeas petition is filed, there is "no available state avenue of redress." *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992) (citation omitted); *see also* 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any

---

[2](...continued)
appeal.

*See* Petition, p. 4 (summarizing the issues raised in application for post-conviction relief).

[3]The petition is deemed "filed" when the petitioner gave it to prison authorities for mailing. *See Marsh v. Soares*, 223 F.3d 1217, 1218 n.1 (10th Cir. 2000) ("Liberal application of the [*Houston v. Lack*, 487 U.S. 266, 270 (1988)] mailbox rule causes us to treat the petition as placed in the hands of prison authorities [for mailing] on the same day it was signed.").

3

available procedure, the question presented."). The exhaustion requirement is satisfied if the issues have been fairly presented to the highest state court, either by direct review of the conviction or in a post-conviction attack. *See Brown v. Shanks*, 185 F.3d 1122, 1124 (10th Cir. 1999). "Fair presentation of a prisoner's claim to the state courts means that the substance of the claim must be raised there." *Demarest v. Price*, 130 F.3d 922, 932 (10th Cir.1997) (internal quotation omitted). Petitioner bears the burden to show that state court remedies have been exhausted. *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). If some claims in the petition have been exhausted and others have not, the petition is considered mixed. *See, e.g., Rose v. Lundy*, 455 U.S. 509, 510, 522 (1982).

Petitioner's claim in Grounds One and Two were raised on direct appeal, and thus appear to be exhausted. With regard to the claims raised in Grounds Three through Fourteen, Petitioner acknowledges that he did not raise these claims on direct appeal, and that those claims are in the process of being exhausted through state post-conviction proceedings. Petitioner has not yet sought relief from the OCCA on these grounds and thus he has not exhausted available state court remedies.

As the petition contains both exhausted and unexhausted claims, it is a "mixed petition." *Pliler v. Ford*, 542 U.S. 225, 227 (2004) (quotation omitted). As a practical matter, this leaves the district court with the option to either "dismiss the entire petition without prejudice in order to permit exhaustion of state remedies; or . . . deny the entire petition on the merits." *Moore v. Schoeman*, 288 F.3d 1231, 1235 (10th Cir. 2002) (footnote omitted). A petitioner may also amend the habeas petition to delete the unexhausted claims

4

and proceed only on the exhausted claims. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). Additionally, in "limited circumstances," the district court may stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust the unexhausted claims. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005); *see also Moore*, 288 F.3d at 1235 n.4. However, the abeyance procedure is only available when the petitioner has demonstrated "good cause" for the failure to exhaust, the unexhausted claims are "potentially meritorious," and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Rhines v. Weber*, 544 U.S. at 278.

Petitioner recognizes that he has filed his federal habeas petition during the pendency of his state post-conviction proceeding. Petition, p. 14. He states that he filed his application for post-conviction relief with "one (1) day remaining" in the § 2244(d) one-year statute of limitations and requests that the Court hold his petition in abeyance "until the completion of state proceedings." *Id.* However, the undersigned finds that this is not one of the limited circumstances where a stay and abeyance is appropriate as Petitioner has neither shown nor even attempted to show good cause to excuse his failure to exhaust his unexhausted claims. *See Deal v. McKune*, No. 07-3007, 2007 WL 1936917, *2 (10th Cir. 2007)[4] (stating that the district court has the discretion to determine whether to dismiss a mixed petition without prejudice or to grant a stay and hold the case in abeyance while the petitioner exhausts state court remedies).

---

[4]This unpublished decision is cited as persuasive authority in accordance with Tenth Circuit Rule 32.1.

5

The undersigned recommends the petition be dismissed without prejudice to refiling after Petitioner exhausts his state court remedies, unless within twenty (20) days of any order adopting this Report and Recommendation, Petitioner amends his petition to present only the exhausted claims in Grounds One and Two. As the Supreme Court noted in *Pliler*, the rule requiring dismissal of mixed petitions can sometimes cause a limitations problem for a petitioner when the petitioner returns to federal court after exhausting state remedies. *Pliler*, 542 U.S. at 230 (citing 28 U.S.C. § 2244(d)(1)). Petitioner recognizes that dismissal of this case does not necessarily raise such an issue because the applicable one-year statute of limitations has not yet expired. Petitioner's conviction became final on October 14, 2008, when the Supreme Court denied certiorari review. *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). Pursuant to 28 U.S.C. § 2244(d)(1)(A), Petitioner had one year from that date in which to file his petition pursuant to 28 U.S.C. § 2254. The time during which any properly filed state application for post-conviction relief is pending operates to toll the statute of limitations period. 28 U.S.C. § 2244(d)(2). Accordingly, if properly filed, Petitioner's recently denied application for post-conviction relief, which he states was filed in the district court on October 13, 2009, would toll the statute of limitations. Further, if Petitioner does properly file an appeal, the limitations period would remain tolled until the appeal is decided.[5] Once the OCCA issues it decision, Petitioner must timely file a federal habeas

---

[5]Petitioner states that "[f]ollowing decision in district court, appeal will be immediately filed in OCCA to finalized [sic] exhaustion." Petition, p. 12. Even if Petitioner does not timely file his appeal in the OCCA, pursuant to § 2244(d)(2), the one-year period remains tolled until thirty days after the state court's February 26, 2010, order denying post-conviction relief. *See Gibson v.*
(continued...)

petition containing all claims that have been exhausted.

Petitioner is cautioned that if he chooses to refile his petition to assert only the exhausted claims in Grounds One and Two, he may face significant obstacles if, in a subsequent habeas petition, he raises the twelve claims that are currently unexhausted. Most notably, a subsequent habeas petition attacking Petitioner's trafficking conviction may be characterized as "second and successive" which would require the Tenth Circuit Court of Appeals' pre-authorization to proceed. *See* 28 U.S.C. § 2244(b); *see also Tapia v. Lemaster*, 172 F.3d 1193, 1194-96 (10th Cir. 1999); *Brown v. Shanks*, 185 F.3d 1122, 1125 n. 4 (10th Cir. 1999).

## **RECOMMENDATION**

For the reasons discussed herein, it is the recommendation of the undersigned Magistrate Judge that the petition for a writ of habeas corpus be dismissed upon filing due to Petitioner's failure to exhaust available state court remedies as to all claims. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by the 6th day of April, 2010, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives any right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the

---

[5](...continued)
*Klinger*, 232 F.3d 799, 802, 804 (10th Cir. 2000).

captioned matter. The Clerk of the Court is instructed to electronically forward a copy of this Report and Recommendation to the Oklahoma Attorney General on behalf of the Respondent at the following address: fhc.docket@oag.state.ok.us.

ENTERED this 17th day of March, 2010.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE